**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, FAIVELEY TRANSPORT S.A., and FAIVELEY TRANSPORT NORTH AMERICA, *Defendants*. | Civil Action No. 1:16-cv-02147 Judge: Tanya S. Chutkan |

## MOTION AND MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ENTRY OF FINAL JUDGMENT

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. §16(b)-(h) ("APPA" or "Tunney Act"), Plaintiff United States of America ("United States") moves for entry of the proposed Final Judgment filed in this civil antitrust proceeding on October 26, 2016, a copy of which is attached hereto as Exhibit A.  The proposed Final Judgment may be entered at this time without further hearing if the Court determines that entry is in the public interest.  15 U.S.C. § 16(e).  The Competitive Impact Statement ("CIS") filed in this matter on October 26, 2016 (ECF Docket No. 4) explains why entry of the proposed Final Judgment would be in the public interest.  The United States is filing simultaneously with this motion a Certificate of Compliance, attached hereto as Exhibit B, setting forth the steps taken by the parties to comply

with all applicable provisions of the APPA and certifying that the APPA's waiting period has expired.

## I. BACKGROUND

On October 26, 2016, the United States filed a civil antitrust Complaint alleging that the proposed acquisition by Westinghouse Air Brake Technologies Corporation ("Wabtec") of Faiveley Transport S.A. and its wholly-owned subsidiary, Faiveley Transport North America (collectively, "Faiveley"), likely would substantially lessen competition in the development, manufacture, and sale of various railroad freight car brake components including hand brakes, slack adjusters, truck-mounted brake assemblies, empty load devices, brake cylinders, and brake control valves in the United States, in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment; a Hold Separate Stipulation and Order ("Hold Separate Order"); and a CIS that describes how the proposed Final Judgment is designed to remedy the likely anticompetitive effects of the proposed acquisition. The Hold Separate Order, which was signed by the Court on November 18, 2016, provides that the proposed Final Judgment may be entered by the Court after the completion of the procedures of the APPA. Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II. COMPLIANCE WITH THE APPA

The APPA requires a sixty-day period for the submission of written comments on a proposed Final Judgment. *See* 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed a CIS on October 26, 2016; published the proposed Final Judgment and CIS in the *Federal Register* on November 7, 2016 (*see* 81 Fed. Reg. 78,187); and ensured that a summary

of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, were pushed in *The Washington Post* for seven days beginning on November 2, 2016 and ending on November 8, 2016. The sixty-day public comment period terminated on January 7, 2017 and the United States received no public comments.

Simultaneously with this Motion and Memorandum, the United States is filing a Certificate of Compliance that states all the requirements of the APPA have been satisfied. It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

### III. STANDARD OF JUDICIAL REVIEW

The Clayton Act, as amended by the APPA, requires that proposed consent judgments in antitrust cases brought by the United States be subject to a sixty-day comment period, after which the Court shall determine whether entry of the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination in accordance with the statute, the Court is required to consider:

(A)  the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B)  the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B).  In its CIS, the United States explained the meaning and proper application of the public interest standard under the APPA and now incorporates those portions of the CIS by reference.

## IV.  ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

As described above, the United States alleged in its Complaint that the proposed acquisition of Faiveley by Wabtec likely would lessen competition substantially in the U.S. markets for certain freight car braking equipment, leading to significant increases in concentration and eliminating existing and future competition between Wabtec and Faiveley in these markets.  As explained in the CIS, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of this acquisition by requiring the divestiture of Faiveley's entire U.S. freight car brakes business to a buyer approved by the United States.  The United States approved Amsted Rail Company, Inc. ("Amsted") as the buyer, and on November 30, 2016, Defendants completed the divestiture of Faiveley's U.S. freight car brake equipment business to Amsted.

The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment as required by law, and no comments have been submitted.  There has been no showing that the proposed settlement constitutes an abuse of the United States' discretion or that it is not within the zone of settlements consistent with the public interest.

## V.  CONCLUSION

For the reasons set forth in this Motion and in the CIS, the Court should find that entry of the proposed Final Judgment is in the public interest and should enter the Final Judgment

without further hearings.  Accordingly, the United States respectfully requests that the Final Judgment, attached as Exhibit A, be entered as soon as possible.

Dated: January 26, 2017

Respectfully submitted,

FOR PLAINTIFF UNITED STATES

DOHA MEKKI
Trial Attorney, Litigation II Section
U.S. Department of Justice, Antitrust Division
450 Fifth Street N.W., Suite 8700
Washington, D.C. 20530
(202) 598-8023
doha.mekki@usdoj.gov